UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE WALLACE, # 212267

        Petitioner,        CASE NUMBER: 08-13479
                              HONORABLE VICTORIA A. ROBERTS
                              Magistrate Judge Paul J. Komives

v.

GREG McQUIGGIN,

        Respondent.
_____/

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This matter is before the Court on Petitioner Horace Wallace's application for writ of habeas corpus under 28 U.S.C. § 2254. The Court referred the matter to Magistrate Judge Paul J. Komives for Report and Recommendation ("R & R") pursuant to 28 U.S.C. § 636(b)(1)(B). Petitioner filed objections; respondent did not file a response to the objections. The Court **OVERRULES** Petitioner's objections and **ADOPTS** the R & R, incorporating it by reference here.

**II.    STANDARD OF REVIEW**

This Court reviews de novo any part of the magistrate's recommendation on a dispositive motion that is properly objected to. 28 U.S.C. § 636(b)(1). "This de novo review, in turn, requires this [C]ourt to re-examine all relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part." *Swanigan v. Sherry*, No. 06-10775,

2009 WL 4350625, at *1 (E.D. Mich. Nov. 30, 2009) (citing 28 U.S.C. § 636(b)(1)).

## III.   BACKGROUND

Petitioner is a state inmate at the Chippewa Correctional Facility in Kincheloe, Michigan. The facts leading to his arrest and convictions are adequately summarized in the magistrate's R & R.

In 2004, Petitioner was convicted of two counts of assault with intent to murder, in violation of MICH. COMP. LAWS 750.83, and one count of felonious assault, in violation of MICH. COMP. LAWS 750.82. *People v. Wallace*, No. 256303, 2005 WL 3238398, at *1 (Mich. Ct. App. Dec. 1, 2005) (per curiam). He was sentenced to two terms of life in prison for the assault with intent to murder convictions, and two to four years in prison for the felonious assault conviction. *Id.*

Petitioner appealed as of right to the Michigan Court of Appeals, which confirmed his convictions. *See id.* The Michigan Supreme Court denied him leave to appeal. *See People v. Wallace*, 475 Mich.869, 714 N.W.2d 314 (2006). Petitioner filed a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, claiming the Government violated a discovery order and appellate counsel was ineffective. The trial court denied relief and the Michigan Court of Appeals and Michigan Supreme Court denied Petitioner's applications for leave to appeal the lower courts' decisions. This habeas petition followed.

Petitioner raises six claims in his application for writ of habeas corpus: (1) the Government failed to comply with the Court's discovery order concerning his and the victims' medical records, thereby suppressing exculpatory evidence in violation of his due process rights; (2) Petitioner's appellate counsel was constitutionally ineffective for

failing to seek an evidentiary hearing concerning the victims' medical records and for failing to challenge the Government's suppression of those records on appeal; (3) Petitioner's trial counsel was constitutionally ineffective for failing to object to the Government's violation of the trial court's discovery order and for failing to introduce his booking photograph to display the severity of his injuries; (4) the introduction of Petitioner's prior assault conviction deprived him of due process; (5) the evidence was insufficient to support Petitioner's conviction; and (6) the trial court erred by refusing to instruct the jury on the cognate offense of felonious assault and on mitigating circumstances.

Magistrate Judge Komives recommends that the Court deny Petitioner's application for writ of habeas corpus. He rejected each claim asserted in Petitioner's application on the merits. For the reasons below, the Court agrees with Magistrate Judge Komives and overrules Petitioner's objections.

**IV.    OBJECTIONS**

Petitioner says he objects to the magistrate's R & R primarily for the reasons stated in his petition. (Doc. # 16, Petitioner's Objection at 1). He also asserts the magistrate erred in holding: (1) the Government did not suppress material exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963) and (2) Petitioner cannot establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984) to support his ineffective assistance of trial and appellate counsel claims stemming from counsels' failure to challenge the Government's alleged suppression of the victims' medical records.

Petitioner's objections are unavailing. In his comprehensive opinion, the

magistrate explained that the Government did not commit a *Brady* violation because Petitioner knew of the facts about which he sought discovery, and his and the victims' medical records were readily available to him. (Doc. # 15; R & R at 16-17). Moreover, Petitioner could not show that the records were material because they "would have shed no light on the question of who attacked whom first" and thus, there was no reasonable probability that their disclosure would have impacted the outcome of the trial. (*Id.* at 17). The magistrate concluded, because Petitioner could not show that the Government committed a *Brady* violation or that introduction of the records would have impacted the outcome of the trial, Petitioner's ineffective assistance of counsel claims must also fail. The Court agrees with the Magistrate's recommendation in this regard; Petitioner's objection is thus overruled. In addition, for the reasons provided in Magistrate Judge Komives's R & R, Petitioner's other claims are rejected.

## V.    PETITIONER'S DISCOVERY REQUEST

Accompanying his habeas application, Petitioner filed a motion seeking a copy of the trial court's discovery order and of the medical records that are the subject of his first three claims. (*See* Doc. # 2, "Motion for Discovery Pursuant to Habeas Rule 6(B)" and R & R at 20-21). The Court agrees with the magistrate that discovery is not necessary to resolve Petitioner's claims; Petitioner's allegations do not provide reason to believe that the discovery order and medical records would establish his entitlement to relief. *See Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991). Accordingly, Petitioner's discovery motion is **DENIED**. (*See* R & R at 20-21).

## V.    CERTIFICATE OF APPEALABILITY

4

An appeal may not be taken from a final order in a habeas case unless a certificate of appealability ("COA") is issued. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not shown that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. The Court declines to issue a COA.

## VI. CONCLUSION

Petitioner's objections to the magistrate's R & R are **OVERRULED**. Petitioner's Motion for Discovery Pursuant to Habeas Rule 6(B) is **DENIED**. The magistrate's R & R is **ADOPTED AND INCORPORATED BY REFERENCE**. Accordingly, Petitioner's Application for Writ of Habeas Corpus is **DENIED**.

**IT IS ORDERED**.

                                              s/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: April 26, 2011

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Horace Wallace by electronic means or U.S. Mail on April 26, 2011.

s/Carol A. Pinegar
Deputy Clerk

---