UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE WALLACE,

        Petitioner,

                                                CASE NO. 2:08-CV-13479

v.                                 JUDGE VICTORIA A. ROBERTS
                                       MAGISTRATE JUDGE PAUL J. KOMIVES

GREG McQUIGGIN,

        Respondent.

_____/

**REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR
CERTIFICATE OF APPEALABILITY (docket #22) AND PETITIONER'S MOTION
FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS (docket #24)**

I.    <u>RECOMMENDATION</u>: The Court should deny petitioner's motion for a certificate of

appealability but should grant petitioner's motion for leave to proceed on appeal *in forma pauperis*.

II.    <u>REPORT</u>:

A.    *Background*

Petitioner Horace Wallace filed an application for the writ of habeas corpus pursuant to 28

U.S.C. § 2254 on August 12, 2008.  Petitioner's application challenged his 2004 state court

convictions for assault with intent to commit murder and felonious assault, on the following

grounds:  (1) denial of discovery and related ineffective assistance of counsel; (2) improper

admission of evidence; (3) insufficient evidence; and (4) improper failure to instruct the jury.  On

May 18, 2010, I filed a Report recommending that the Court deny petitioner's application.

Specifically, I recommended that the Court reject respondent's argument that the petition was

untimely, decline to resolve respondent's procedural default argument, and reject each of the claims

on the merits.  Because the newly created Rule 11 of the Rules Governing Section 2254 Cases in the

United States District Courts, 28 U.S.C. foll. § 2254, now requires that a District Court either "issue

or deny a certificate of appealability when it enters a final order adverse to the applicant," Rule 11(a), 28 U.S.C. foll. § 2254, my Report also included a recommendation that the Court deny petitioner a certificate of appealability.

On April 26, 2011, the Court entered on Order overruling petitioner's objections to my Report and adopting the Report and Recommendation. The Court's Order both denied the petition and explicitly declined to issue a certificate of appealability. Nevertheless, on May 27, 2011, petitioner filed a notice of appeal and a motion for certificate of appealability. Petitioner also filed, on June 24, 2011, a motion for leave to proceed on appeal *in forma pauperis*. The Court has not referred both motions to me.

B.    *Magistrate Judge Jurisdiction*

Although the Court referred both of petitioner's motions to me for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A), because I conclude that I lack jurisdiction to determine the matters I respectfully submit this Report and Recommendation in lieu of a determination. Apart from cases in which a magistrate judge exercises of plenary authority under § 636(c) based on the consent of the parties, *see Hanson v. Mahoney*, 433 F.3d 1107, 1112 (9th Cir. 2006), a magistrate judge lacks authority to grant or deny a certificate of appealability. *See United States v. Washington*, 46 Fed. Appx. 705, 705 (4th Cir. 2002); *Delabra v. Johnson*, No. 99-20283, 1999 WL 1067624, at *1 (5th Cir. Oct. 19, 1999); *cf. Jones v. Johnson*, 134 F.3d 309, 311-12 (5th Cir. 1998) (magistrate lacks authority to grant or deny a certificate of probable cause, the predecessor to the certificate of appealability); *Dye v. Cowan*, 472 F.2d 1206, 1207 n.1 (6th Cir. 1972) (same).

With respect to petitioner's motion for leave to appeal *in forma pauperis* (IFP), the Sixth Circuit has held that the denial of an application to proceed IFP "is the functional equivalent of an

2

involuntary dismissal and is outside the scope of a magistrate's authority." *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990); *see also*, *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Thus, "[a] district judge is free to refer a motion for pauper status to a magistrate and if the decision is to grant such a motion, the magistrate may enter such an order. If the decision is to deny, however, the magistrate must make such a recommendation to the district judge who will then take final action." *Woods*, 894 F.2d at 188. This rule applies equally to application for IFP status on appeal. *See Donaldson v. Ducote*, 373 F.3d 622, 624-24 (5th Cir. 2004); *Johnson v. Motley*, No. 6:07-351, 2008 WL 4821720, at *5 (E.D. Ky. Nov. 3, 2008). Although I have authority to grant IFP status, I may not deny such status, and because a Report is necessary on the motion for certificate of appealability, I also include petitioner's motion for IFP status in this Report.

C.      *Certificate of Appealability*

As noted above, in my initial Report I recommended that the Court deny petitioner a certificate of appealability. Relying on my earlier analysis of the merits of petitioner's claims, I reasoned:

> Because it is clear that petitioner's and the victims' medical records were available to petitioner, and because they would have had no bearing on the issue of who was the initial aggressor, the resolution of petitioner's *Brady* and related ineffective assistance of counsel claims is not reasonably debatable. In light of the relevance of petitioner's prior conviction to impeach petitioner's testimony, and the lack of any clearly established federal law establishing a due process right to exclude other acts evidence, the resolution of petitioner's other acts evidence claim is not reasonably debatable. Further, in light of the victims' testimony at trial regarding the nature of the assaults by petitioner and his expressed intention to kill them, the resolution of petitioner's sufficiency of the evidence claim is not reasonably debatable. Finally, because there is no constitutional right to instruction on a lesser included offense and because the evidence did not support a finding that petitioner acted with adequate provocation warrant a mitigation instruction, the resolution of petitioner's jury instruction claims is not reasonably debatable. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

R&R, dated 5/18/10, at 33-34.  In adopting my Report, the Court explicitly stated with respect to the certificate of appealability issue: "Petitioner has not shown that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong.  The Court declines to issue a COA."  Order, dated 4/26/11, at 5.

Petitioner's motion for a certificate of appealability rehashes the merits of the arguments he presented in his habeas application, which were fully considered in my Report and the Court's Order adopting my Report.  Petitioner adds nothing new which would change the Court's assessment of the merits of the claims or petitioner's entitlement to a certificate of appealability.[1]  Thus, for the reasons set forth in my prior Report and the Court's prior Order, the Court should deny petitioner's motion for a certificate of appealability.

D.      *IFP Status*

In his second motion, petitioner seeks leave to proceed *in forma pauperis* on appeal.  With an exception not applicable here, "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court."  FED. R. APP. P. 24(a)(1).  To be entitled to IFP status, "[t]he party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."  *Id.*

---

[1]Petitioner's motion does contend that the Court's "dismissal on procedural grounds was debatable or simply incorrect."  Mot. for Certificate of Appealability, at 5.  However, the Court did not dismiss petitioner's application on a procedural ground.  In my Report, I recommended that the Court reject respondent's statute of limitations argument.  *See* R&R, at 7-9.  I also recommended that the Court decline to dismiss any claims on the basis of procedural default, in light of the then-existing uncertainty in the law regarding the Michigan courts' form orders involved in petitioner's case and petitioner's assertion of ineffective assistance of appellate counsel as cause.  *See id.* at 9-12.  The Court's Order adopting my Report did not invoke any procedural bar in denying petitioner's habeas application.  Thus, the Court did not dismiss petitioner's application on procedural grounds, and petitioner's assertion provides no basis for a certificate of appealability.

Pauper status does not require a showing that the appellant is "absolutely destitute." *Adkins v. E.I. du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). Rather, the "central question is whether a party can afford court costs without undue hardship." *United States v. Slater*, 96 F.R.D. 53, 54 (D. Del. 1982). In addition to the requirements of Rule 24(a)(1), a court must deny IFP status on appeal if the court "certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith" under § 1915(a)(3) is an objective standard. It does not require that the applicant show any degree of merit, beyond showing that the claims on appeal are not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 675 (1958) (per curiam); *cf. Willis v. Campbell*, 102 Fed. Appx. 481, 481 (6th Cir. 2004). In other words, the phrase "not taken in good faith" as used in § 1915(a)(3) is "a synonym for frivolousness." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Regardless of whether based on a finding of lack of indigency or a lack of good faith, a court denying IFP status on appeal must set forth its reasons in writing. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(2).

Here, petitioner has met his burden of establishing indigency under Rule 24(a)(1). Petitioner has provided an affidavit setting forth that he has no income from any source and no significant assets, as well as a certificate from the prison in which he is incarcerated indicating that his prison account had a current spendable account balance of $25.24, an amount insufficient to satisfy the $455.00 appellate filing fee. *See* Judicial Conference Schedule of Fees, Court of Appeals Miscellaneous Fee Schedule, 28 U.S.C. § 1913. Petitioner's affidavit further claims entitlement to redress and sets forth the issues for appeal. Thus, petitioner is entitled to IFP status under Rule 24(a)(1).

Likewise, petitioner's appeal is taken in good faith, that is, the appeal is not frivolous.

5

Importantly, because petitioner may seek a certificate of appealability from the Court of Appeals, the fact that this Court has denied a certificate does not render his request for IFP status moot. *See Bynum v. Harry*, No. 07-cv-12767, 2010 WL 3835763, at *6 (E.D. Mich. Sept. 24, 2010) (Murphy, J.); *cf. Aziz v. Dingle*, No. 07-3208, 2008 WL 1945141, at *1 (D. Minn. May 1, 2008) (granting IFP status on appeal even though denying a certificate of appealability).  Nor does the Court's denial of a certificate of appealability compel the conclusion that an appeal (or petitioner's seeking of a certificate of appealability in the Court of Appeals) is frivolous.  As another court has explained:

> [T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith for purposes of proceeding in forma pauperis on appeal. *See Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir.2000). To conclude that an appeal is in good faith, "a court need only find that a reasonable person could suppose that the appeal has some merit." *Id*. at 632 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir.2000)). Thus, an unsuccessful movant for relief under section 2255 [or habeas petitioner] may proceed in forma pauperis on appeal even after a district court has denied issuance of a certificate of appealability. *See id*. (concluding that an appeal can be taken in good faith even though a certificate of appealability has been denied).

*Jennings v. United States*, 472 F. Supp. 2d 1067, 1070 (S.D. Ill. 2006).

Here, although the Court determined that the resolution of petitioner's claims is not debatable among reasonable jurists in declining to issue a certificate of appealability, petitioner's application raises at least two claims of substantial constitutional violations based on the trial court record–namely, a claim that the evidence was insufficient and that the prosecution suppressed exculpatory evidence.  Although these claims are without merit, they are not wholly without basis in law and fact, and thus cannot be said to be frivolous.  Accordingly, the Court should conclude that petitioner is entitled to IFP status.

E.    *Conclusion*

In view of the foregoing, the Court should deny petitioner's motion for a certificate of

appealability, but should grant petitioner's motion for leave to appeal *in forma pauperis*.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/Paul J. Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE
Dated: 6/30/11

7

The undersigned certifies that a copy of the foregoing
order was served on the attorneys of record and  by
electronic means or U.S. Mail on June 30,  2011.

s/Eddrey Butts
Case Manager